IN RE THOMAS, A MINOR.

IN RE BURFORD, A MINOR.

[Cite as *In re Thomas*, 100 Ohio St.3d 89, 2003-Ohio-5162.]

(No. 2002–0824—Submitted April 30, 2003, at the Ross County Session—Decided October 15, 2003.)

(Nos. 2002–0892 and 2002–0894—Submitted April 16, 2003—Decided October 15, 2003.)

FRANCIS E. SWEENEY, SR., J.

{¶ 1} These appeals were presented for oral argument before this court on two separate dates. We have determined that the issue of law is the same in both cases, and therefore have consolidated them for disposition in this single opinion. We affirm in both cases.

## I. Facts

### A. *In re Burford,* Case Nos. 2002–0892 and 2002–0894

{¶ 2} On August 12, 1997, juvenile April Burford was adjudicated delinquent for gross sexual imposition. After her disposition hearing on September 16, 1997, the court committed her to the Ohio Department of Youth Services ("DYS") for a minimum period of six months and a maximum period lasting until she attained the age of 21. The court suspended the commitment and placed her on probation.

{¶ 3} On March 6, 1998, Burford was again adjudicated delinquent, based on a violation of her probation. The commitment to DYS remained suspended, and she was placed in the Lucas County Youth Treatment Center. She eventually was released from and returned to the treatment center. On June 20, 2001, she was found to be delinquent based on another probation violation, which arose from a violation of a rule at the treatment center. The juvenile court then imposed her previously suspended commitment to DYS for her violation of the court's prior order in regard to her probation. Burford entered the Riverview Juvenile Correctional Facility of DYS on June 21, 2001.

{¶ 4} In consolidated appeals, the court of appeals rejected Burford's argument that she was entitled to have all of the time that she had served at the Lucas County Youth Treatment Center credited against her time at DYS. However, it held that "[b]ecause the charge of violating probation is a condition of probation and not a separate offense, any time appellant spent in detention pending hearings for her probation violations in Case No. 97–45929 relates back to the original delinquency complaint and appellant is entitled to detention credit for that time pursuant to R.C. 2151.355(F)(6)." It then remanded the case for a determination of how much credit was due.

{¶ 5} Not satisfied with the appellate court's holding on the issue of credit, Burford appealed, and this court granted jurisdiction in case No. 2002–0894. Additionally, we granted jurisdiction in case No. 2002–0892 based on a certified conflict between the appellate court's decision and the decisions in the Fifth District cases of *In re Dillard* (Dec. 3, 2001), Stark App. Nos. 2001CA00093 and 2001CA00121, 2001 WL 1548758, and *In re Keeran* (Mar. 28, 2002), Licking App. No. 01CA69, 2002 WL 1653799. These appeals were consolidated.

## B.  *In re Thomas,* Case No. 2002–0824

{¶ 6} On August 19, 1996, juvenile James Thomas was charged with one delinquency count of abduction. The juvenile court adjudicated him delinquent and placed him on probation, which included an order for him to participate in counseling.

{¶ 7} In October and November 1997, Thomas committed two violations of his probation: one by having a positive drug screen and one for being suspended from school. This led the juvenile court to place him at the Midwestern Children's Home in December 1997. Thomas committed three more probation violations by July 1998, which led the court to place him at Mary Haven Youth Center.

{¶ 8} Following another violation in October 1999, Thomas's placement at Mary Haven was terminated, and he was committed to DYS. That commitment was suspended, and he was instead committed to the Butler County Juvenile Rehabilitation Center. After a final probation violation one year later, the suspended commitment was imposed, and Thomas was sent to DYS for a minimum period of six months and a maximum not to exceed his 21st birthday. At this point, Thomas claims, he had served 418 days at Mary Haven and 284 days in the Butler County Juvenile Rehabilitation Center. The juvenile court did not credit time served at those facilities against Thomas's total time of commitment to DYS, except for 66 days during which he was "held in detention prior to this entry."

{¶ 9} On appeal, the Twelfth District reversed the lower court's judgment and remanded the case with instructions for granting credit in accordance with its decision in *In re Price* (Mar. 25, 2002), Butler App. Nos. CA2001–02–035 and CA2001–04–085, 2002 WL 449455. This court then granted jurisdiction over Thomas's appeal based on a conflict between the decision of the court of appeals and the decisions in *In re Dillard* and *In re Keeran,* supra.

## II.  Issues of Law

{¶ 10} The question certified for review in Burford's conflict case, which is dispositive of her discretionary appeal as well, is "whether or not juveniles are entitled to credit for time served in a treatment facility." The certified question for review in Thomas's appeal is as follows: "Must a juvenile court upon disposition grant credit for days served in a rehabilitation or treatment facility toward the balance of a youth's commitment to the Department of Youth Services on the same complaint, regardless of the secure nature of the treatment center or rehabilitation facility?" We hold that upon commitment to DYS, a juvenile is not entitled to credit for all time served in a rehabilitation or treatment facility against the time to be served at DYS. Instead, the juvenile is entitled to credit only for the time served in such a facility awaiting the adjudication or disposition

of, or execution of a court order relating to, the original delinquency complaint or a complaint of a related probation violation. Accordingly, and for the reasons that follow, we affirm the judgments of the courts of appeals.

### III. Analysis and Discussion

{¶ 11} Both appellants seek credit for all days spent at either a rehabilitation or treatment facility before their commitments to the DYS. The version of the applicable statute in effect at the time of the disposition of appellants' juvenile court actions is former R.C. 2151.355(F)(6), 2000 Am.Sub.S.B. No. 181, 148 Ohio Laws, Part IV, 10529.[1] It stated: "When a juvenile court commits a delinquent child to the custody of the department of youth services, pursuant to division (A)(4) or (5) of this section, the court shall state in the order of commitment the total number of days that the child has been held, as of the date of the issuance of the order, in detention in connection with the delinquent child complaint upon which the order of commitment is based. The department shall reduce the minimum period of institutionalization or minimum period of institutionalization in a secure facility specified in (A)(4) or (5) of this section by both the total number of days that the child has been so held in detention as stated by the court in the order of commitment and the total number of any additional days that the child has been held in detention subsequent to the order of commitment but prior to the transfer of physical custody of the child to the department."

{¶ 12} The threshold issue is whether the children here were in "detention," as that term is used in R.C. 2151.355(F)(6), before their placement at DYS. R.C. 2151.011(B)(13), formerly (B)(11), defines "detention" as "the temporary care of children pending court adjudication or disposition, or execution of a court order, in a public or private facility designed to physically restrict the movement and activities of children." While appellants argue that the control exercised over them at the treatment and rehabilitation facilities constituted detention under the definition in R.C. 2151.011(B)(13), we disagree. The nature of the facility and the amount of control it exercises over its inhabitants are not the sole determinants of whether "detention" has occurred. Instead, the key here is the word "pending." Read together, R.C. 2151.355(F)(6) and 2151.011(B)(13) grant credit only for the days that a juvenile is restricted to a facility *pending adjudication or disposition* of the delinquency complaint, or *pending execution of a court order* relating to that complaint. The question thus becomes whether the days spent in the facilities by appellants were served while awaiting one of these events.

---

1. The recodification of this provision at R.C. 2152.18(B) took effect January 1, 2002, and kept the statutory language essentially the same. 2000 Am.Sub.S.B. No. 179, 148 Ohio Laws, Part IV, 9566, and Section 5, 9778.

{¶ 13} R.C. 2151.355(F)(6) requires credit in the following situations: when the child is held at a rehabilitation or treatment facility while awaiting the final adjudication or disposition of the original delinquency complaint, when the child is held in one of those facilities after an order of commitment to DYS has been made but before the order has been executed by his or her transfer to the custody of DYS, and when the child is held in one of these facilities while awaiting the final disposition of an alleged probation violation. The first two situations are based on a plain reading of R.C. 2151.355(F)(6) and 2151.011(B)(13). The third situation requires credit because detention on an alleged probation violation relates back to the complaint of delinquency and is in "connection with" that complaint, as mandated by R.C. 2151.355(F)(6). Such detention goes to the original disposition in the case and is sufficiently linked to the adjudication of the original charges that credit is required by the statutory language. This view has been adopted in a number of appellate courts in this state. See *In re Ringo* (Mar. 19, 2002), Crawford App. No. 3–01–25, 2002 WL 418968; *In re Dillard,* supra.

{¶ 14} The General Assembly has not granted credit for all of the time that appellants seek. On the other hand, the legislature has not distinguished between credit for time spent in juvenile facilities before the final adjudication of the original charges and credit for days served there while awaiting the final adjudication of a subsequent probation violation. Therefore, we read R.C. 2151.355(F)(6) and 2151.011(B)(13) to confer credit in both instances.

{¶ 15} We are mindful that some appellate courts of this state, including the court in the conflict case of *Keeran,* supra, have applied the rules for granting credit in the adult criminal realm to the juvenile context. In *Keeran,* the court relied on *State v. Napier* (2001), 93 Ohio St.3d 646, 758 N.E.2d 1127, where we held in the syllabus that "[a]ll time served in a community-based correctional facility constitutes confinement for purposes of R.C. 2967.191." In *Napier,* the adult defendant was entitled by statute to credit for all time served while "confined." Whereas the *Keeran* court relied on *Napier* to give credit to juveniles who are likewise "confined," we find the application of that case here to be ill-conceived. *Napier* was decided based on a statute different from that at issue here, having nothing to do with the definition of "detention" in R.C. 2151.011(B)(13).

{¶ 16} We also recognize that the parties have briefed the issue of whether state and federal equal protection guarantees are violated when credit for time served is dispensed differently for adults than for children. This issue was not dealt with directly in the opinions from the courts of appeals, so we decline to address it here.

## IV. Conclusion

{¶ 17} Former R.C. 2151.355(F)(6) (now R.C. 2152.18[B]) required a juvenile court to grant credit toward a delinquent child's commitment to the Department of Youth Services for time served by the child in a rehabilitation or treatment facility only if the time was served awaiting the adjudication or disposition of, or execution of a final court order in connection with, the delinquency complaint or a related charge of a probation violation. While in Burford's case the appellate court denied her request for credit for the entire block of time that she served at the Lucas County Youth Treatment Center, it still remanded the cause to the juvenile court with instructions to grant detention credit for the time she spent at the facility while awaiting hearings on her probation violations. This was a proper application of the law.

{¶ 18} In Thomas's case, the appellate court noted that it was unclear from the record whether he was held in detention at a time that would entitle him to credit. We agree, and, subject to our holding here, we remand the cause to the juvenile court to make this determination.

{¶ 19} Accordingly, we affirm the judgments of the courts of appeals, with the modifications set forth in this opinion. The causes are remanded to the juvenile courts for further proceedings.

Judgments accordingly.

In case No. 2002–0824:

MOYER, C.J., PFEIFER, LAZARUS and O'CONNOR, JJ., concur.

RESNICK, J., concurs in judgment.

LUNDBERG STRATTON, J., concurs in part and dissents in part.

CYNTHIA C. LAZARUS, J., of the Tenth Appellate District, sitting for COOK, J.

In case Nos. 2002–0892 and 2002–0894:

MOYER, C.J., LAZARUS, PFEIFER, J.J. SWEENEY and O'CONNOR, JJ., concur.

LUNDBERG STRATTON, J., concurs in part and dissents in part.

CYNTHIA C. LAZARUS, J., of the Tenth Appellate District, sitting for RESNICK, J.

JAMES J. SWEENEY, J., of the Eighth Appellate District, sitting for COOK, J.

---

ALICE ROBIE RESNICK, J., concurring in case No. 2002–0824.

{¶ 20} I concur in the judgment of the majority, but only as it pertains to case No. 2002–0824, *In re Thomas.* I am not participating in case Nos. 2002–0892 and 2002–0894, *In re Burford.*

---

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 21} To the extent that the majority holds that a juvenile is entitled to credit for time served in a rehabilitation or treatment facility awaiting adjudication or disposition of, or execution of a court order related to, the original delinquency complaint or a related probation violation, I concur.

{¶ 22} However, to the extent that today's opinion otherwise denies a minor credit for time spent in rehabilitation or treatment, I respectfully dissent. I believe that a juvenile is entitled to credit for *all* time served in a rehabilitation or treatment facility against the time to be served at an institution of the Department of Youth Services ("DYS") so long as confinement at the facility is sufficiently restrictive to constitute detention. See *State v. Snowder* (1999), 87 Ohio St.3d 335, 720 N.E.2d 909.

{¶ 23} I do not believe the majority properly addressed the certified questions before us. In *Burford,* the certified question was "whether or not juveniles are entitled to credit for time served in a treatment facility." In *Thomas,* the certified question was "Must a juvenile court upon disposition grant credit for days served in a rehabilitation or treatment facility toward the balance of a youth's commitment to the Department of Youth Services on the same complaint, regardless of the secure nature of the treatment center or rehabilitation facility?" The answer to these questions involves an analysis of R.C. 2151.355(F)(6), which requires the DYS to reduce a minor's period of institutionalization by the number of days held in "detention."

{¶ 24} Former R.C. 2151.355(F)(6) required an order of commitment to state the number of days that the child has been held "in detention *in connection with the delinquent child complaint upon which the order of commitment is based.*" I believe this should include all periods of detention, including but not limited to that defined in R.C. 2151.011(B)(13), formerly 2151.011(B)(11).

{¶ 25} I believe that R.C. 2151.355(F)(6) addresses the period prior to final adjudication to give courts guidance with respect to whether the minor is entitled to credit for the time between arrest and final adjudication. This subsection merely clarifies that the commitment order shall set forth the credit earned pending disposition and that DYS shall add credit for transfer time (which is after commitment). Therefore, the statute need not address the postadjudication

period because courts generally allow the delinquent minor credit for time spent in a restrictive facility. I believe it is illogical to entitle a minor to credit for time served awaiting adjudication or disposition of a complaint or execution of a court order but not for time served after adjudication in a restrictive facility.

{¶ 26} The majority relies on the definition of the word "detention" in R.C. 2151.011(B)(13), formerly (B)(11), read in conjunction with R.C. 2151.355(F)(6). I believe that the majority's interpretation of "detention" in former R.C. 2151.355(F)(6) is too restrictive. The fact that the statute defines "detention" to mean temporary care of children pending adjudication or disposition or execution of a court order does not automatically *exclude* other types of detention after final adjudication. The statute is silent on this issue, and I do not agree that we may merely equate silence with a prohibition, especially in light of other statutory definitions of "detention" and prior case law.

{¶ 27} I believe the majority too narrowly focuses on the word "pending" in R.C. 2151.011(B)(13), formerly (B)(11). I do not agree that the word "pending" in R.C. 2151.011(B)(13), formerly (B)(11), limits the phrase "execution of a court order." Instead, I believe that "execution of a court order" refers to *carrying out* the court order.

{¶ 28} "Detention" is generally defined as "the act or fact of * * * holding in custody." Webster's Third New International Dictionary (1986) 616. Similarly, R.C. 2921.01(E) defines "detention," as used in R.C. 2921.01 to 2921.45, as "arrest; * * * confinement in any public or private facility for custody of persons * * * *alleged or found to be a delinquent or unruly child.*" (Emphasis added.) This broad definition of detention would include confinement in secure facilities such as a lockup, jail, workhouse, *juvenile detention facility, Ohio Youth Commission facility, or penal or reform institution.* In addition, R.C. 2921.01(F) defines "detention facility," as used in R.C. 2921.01 to 2921.45, as "any public or private place used for the confinement of a person * * * alleged or found to be a delinquent child or unruly child." This broad definition would include a juvenile or reform facility. These statutes refer to delinquency as either "alleged," i.e., before adjudication, or "found," i.e., after adjudication or execution. The majority chooses to ignore these other definitions, which, I believe, give significant insight to the meaning of "detention."

{¶ 29} Therefore, I would hold that upon commitment to DYS, a juvenile is entitled to credit for all time served in a rehabilitation or treatment facility against the time to be served at DYS, not just for precommitment periods. These minors were detained in rehabilitation and treatment facilities as a result of probation violations related to the original complaints of delinquency. The majority has concluded that each is entitled to credit for detention while awaiting the final disposition of the probation violation because it relates to or is "in

connection with" that complaint. However, the majority does not address whether these facilities are sufficiently restrictive. Yet the entire period spent in rehabilitation or treatment constitutes a period of detention that relates to the original complaint. I believe the minors should be credited with the entire time. Therefore, I would answer both certified questions affirmatively so long as the treatment or rehabilitation facility is sufficiently restrictive that confinement there constitutes detention. *Snowder*, 87 Ohio St.3d 335, 720 N.E.2d 909.

---

Timothy A. Oliver, Warren County Prosecuting Attorney, and Andrew L. Sievers, Assistant Prosecuting Attorney, for appellee the state of Ohio, in case No. 2002–0824.

David H. Bodiker, Ohio Public Defender, and Molly J. McAnespie, Assistant Public Defender, for appellant James Thomas.

Julia R. Bates, Lucas County Prosecuting Attorney, and Jill B. Kelly, Assistant Prosecuting Attorney, for appellee the state of Ohio, in case Nos. 2002–0892 and 2002–0894.

David H. Bodiker, Ohio Public Defender, and Jill E. Beeler, Assistant Public Defender, for appellant April Burford.