OPINION
{¶ 1} Appellant Kelly Burner appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that committed him to the Ohio Department of Youth Services without first conducting a probation revocation hearing. The following facts give rise to this appeal.
 {¶ 2} On January 14, 2005, appellant was charged with criminal trespass, petty theft and burglary. The charges were the result of a break-in that occurred on January 11, 2005, when appellant and other juveniles entered the residence of Herman Joseph Ohms, age 91, and stole a painting. On January 27, 2005, appellant appeared before the juvenile court, withdrew his previously entered plea of not true, and entered a plea of true to the charges. The juvenile court found appellant delinquent and remanded him to the attention center pending a dispositional hearing.
 {¶ 3} The juvenile court conducted the dispositional hearing on February 25, 2005. In a judgment entry filed the same day, the juvenile court made the following disposition:
 {¶ 4} "The court does take under advisement the imposition of a DYS commitment for a period of 6 months until his 21st birthday pending regular review hearing in this matter which shall occur commencing Monday, February 28, 2005 @ 8 am and every 1st Monday of each month @ 8 am including the following dates:
 {¶ 5} "March 1, 2005, April 4, 2005, May 2, 2005, June 6, 2005, July 5, 2005, August 1, 2005, September 6, 2005, October 3, 2005, November 7, 2005 and December 5, 2005."
 {¶ 6} The disposition order released appellant, from the attention center, and suspended 60 days of his sentence pursuant to seven conditions of probation. As part of those conditions, appellant was required not to "use, sell, or be in possession of drugs or alcohol." On April 21, 2005, the juvenile court received a letter, with appellant's name typed at the end. The letter discussed an incident that occurred on April 16, 2005, wherein appellant violated his probation by drinking alcohol, smoking marihuana and violating his curfew.
 {¶ 7} Upon review of the letter, the juvenile court issued an arrest warrant and appellant was arrested and held at the attention center without bond. The judgment entry imposing the sentence stated:
 {¶ 8} "Upon information provided by the juvenile himself and the PO, the DYS commitment taken under advisement is imposed effective immediately. A warrant shall issue for his arrest and apprehension to be transported directly to the Attention Center for transfer to ODYS."
 {¶ 9} One day later, on April 22, 2005, the trial court further explained its previous order, in a judgment entry, stating that the "imposition of the DYS commitment yesterday referred to the attached information from the juvenile as to his violation of the court's conditions." Appellant filed a motion for stay and/or to vacate. The juvenile court conducted a hearing, on appellant's motion, on April 27, 2005.
 {¶ 10} At the beginning of the hearing, the juvenile court informed the parties that it was sustaining appellant's motion to vacate, thereby finding the motion for stay moot. The juvenile court concluded that while no new charge of probation violation had been filed, it had the authority to impose immediate DYS commitment. Thereafter, the juvenile court denied appellant's motion for stay, finding the matter moot, and committed appellant to DYS for a minimum of six months to his twenty-first birthday.
 {¶ 11} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 12} "I. WHETHER THE COURT DENIED THE APPELLANT DUE PROCESS BY SENTENCING THE APPELLANT TO THE OHIO DEPARTMENT OF YOUTH SERVICES BECAUSE THE JUVENILE HAD NEVER BEEN SERVED WITH A SUMMONS, INDICTMENT, INFORMATION OR OTHER WRITTEN CHARGING INSTRUMENT NOTIFYING THE APPELLANT OF THE OFFENSE AND THE ELEMENTS FOR WHICH HE WAS CHARGED?
 {¶ 13} "II. WHETHER THE COURT ERRED AS A MATTER OF LAW IN REVOKING THE PROBATION OF THE APPELLANT WITHOUT MAKING A FINDING THAT THE APPELLANT HAS VIOLATED A CONDITION OF PROBATION OF WHICH THE APPELLANT HAD, PURSUANT TO JUVENILE RULE 34(C) BEEN NOTIFIED?
 {¶ 14} "III. WHETHER THE COURT ERRED AS A MATTER OF LAW IN REVOKING THE PROBATION OF THE APPELLANT AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE?"
 II {¶ 15} We will address appellant's Second Assignment of Error first as we find it dispositive of this matter on appeal. In his Second Assignment of Error, appellant contends the juvenile court erred, as a matter of law, when it revoked his probation without complying with Juv.R. 35(B). We agree.
 {¶ 16} Juv.R. 35(B) addresses revocation of probation and provides as follows:
 {¶ 17} "The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv.R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified."
 {¶ 18} In its appellee's brief, the state concedes the juvenile court did not comply with Juv.R. 35(B), prior to imposing sentence, because the court did not conduct a probation revocation hearing. In its judgment entry dated April 27, 2005, the juvenile court explained that no new charge or violation had to be filed because "[t]he court is merely ruling upon a matter taken under advisement in its previous order of 2-25-5. The court made it abundantly clear to the juvenile what were the terms he was required to be under while the court considered the DYS commitment."
 {¶ 19} We acknowledge that Juv.R. 29(F)(2)(b) permits a juvenile court to "[e]nter an adjudication and continue the matter for disposition for not more than six months and * * * make appropriate temporary orders[.]" However, in the case sub judice, it appears the juvenile court proceeded to disposition in this matter when it, among other things, ordered appellant to contact probation services. Judgment Entry, Feb. 25, 2005. Further, in a judgment entry dated April 21, 2005, the juvenile court specifically stated, in its findings of fact, that "[o]n 2-25-5 the court took the DYS commitment under advisement pending a series of review hearings and strict compliance with all terms of his probation."
 {¶ 20} Thus, the juvenile court proceeded to disposition of this matter by placing appellant on probation. However, at the same time, the juvenile court attempted to reserve its right, under Juv.R. 29(F)(2)(b), for up to six months, to impose a DYS commitment for a period of six months until appellant's twenty-first birthday. This is not permitted under Juv.R. 29(F)(2)(b) since the disposition was finalized, i.e. appellant was placed on probation. If the juvenile court wanted to take this matter under advisement, it should not have proceeded to final disposition, but instead, issued temporary orders and scheduled this matter for final disposition within six months.
 {¶ 21} Accordingly, since the trial court proceeded to disposition and placed appellant on probation, the court was required to conduct a probation revocation hearing pursuant to Juv.R. 35(B). Appellant's Second Assignment of Error is sustained. We will not address appellant's First or Third Assignments of Error as they are moot based upon our disposition of appellant's Second Assignment of Error.
 {¶ 22} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, J. Gwin, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion. Costs assessed to Appellee State of Ohio.