OPINION
{¶ 1} Appellant Kelly Burner appeals the decision of the Stark County Court of Common Pleas, Juvenile Division revoking his probation and committing him to the Ohio Department of Youth Services. The following facts give rise to this appeal.
 {¶ 2} On January 14, 2005, appellant was charged with criminal trespass, petty theft and burglary. The charges were the result of a break-in that occurred on January 11, 2005, when appellant and other juveniles entered the residence of Herman Joseph Ohms, age 91, and stole a painting. On January 27, 2005, appellant appeared before the juvenile court, withdrew his previously entered plea of not true, and entered a plea of true to the charges. The juvenile court found appellant delinquent and remanded him to the attention center pending a dispositional hearing.
 {¶ 3} The juvenile court conducted the dispositional hearing on February 25, 2005.
 {¶ 4} The disposition order filed March 10, 2005 released appellant, from the attention center, and suspended 60 days of his sentence pursuant to seven conditions of probation. As part of those conditions, appellant was required not to "use, sell, or be in possession of drugs or alcohol." On April 21, 2005, the juvenile court received a letter, with appellant's name typed at the end. The letter discussed an incident that occurred on April 16, 2005, wherein appellant violated his probation by drinking alcohol, smoking marihuana and violating his curfew.
 {¶ 5} Upon review of the letter, the juvenile court issued an arrest warrant and appellant was arrested and held at the attention center without bond.
 {¶ 6} Appellant filed a motion for stay and/or to vacate. The juvenile court conducted a hearing, on appellant's motion, on April 27, 2005.
 {¶ 7} At the beginning of the hearing, the juvenile court informed the parties that it was sustaining appellant's motion to vacate, thereby finding the motion for stay moot. The juvenile court concluded that while no new charge of probation violation had been filed, it had the authority to impose immediate DYS commitment. Thereafter, the juvenile court denied appellant's motion for stay, finding the matter moot, and committed appellant to DYS for a minimum of six months to his twenty-first birthday.
 {¶ 8} Appellant timely filed a notice of appeal. We held that trial court lacked authority to effectively revoke juvenile's probation without conducting a probation revocation hearing. The case was remanded to the trial court. See, In re Brunner, 5th Dist. No. 05CA00108, 2005-Ohio-5816.
 {¶ 9} On November 4, 2005, in accordance with this Court's remand, the trial court held a probation revocation hearing.
 {¶ 10} Two witnesses testified on behalf of the State. Andy Betro, a Family Court Probation Officer, testified that he met with Burner on April 18, 2005 and Burner admitted drinking alcohol and smoking marijuana at a birthday bonfire party.
 {¶ 11} After hearing the evidence and the closing arguments of counsel, the trial court revoked Burner's probation and committed him to DYS for a minimum of six months to his 21st birthday.
 {¶ 12} Noting the evidence of Burner's significant substance abuse problem, the Court also ordered that Burner be evaluated promptly for possible placement at Mohican where he would receive treatment for his "substance abuse issues."
 {¶ 13} Appellant has timely appealed and has raised as his sole assignment of error:
 {¶ 14} "I. WHETHER THE COURT DENIED THE APPELLANT DUE PROCESS BY SENTENCING THE APPELLANT TO THE OHIO DEPARTMENT OF YOUTH SERVICES BECAUSE THE JUVENILE DID NOT HAVE A SUSPENDED SENTENCE TO THE DEPARTMENT OF YOUTH SERVICES.
 I. {¶ 15} Appellant claims he was not afforded due process of law because he was never given a suspended sentence to the Ohio Department of Youth Services as a condition of his probation. For the reasons which follow, we disagree.
 {¶ 16} The gravamen of these assignments is whether the trial court had the right to commit appellant to the Ohio Department of Youth Services after he had violated his probation. Appellant argues he should not have been given a commitment to the Ohio Department of Youth Services on November 4, 2005 because when probation was imposed on March 10, 2005, he was not given a suspended commitment.
 {¶ 17} The sentence of the trial court's decision filed March 10, 2005 states, in relevant part as follows:
 {¶ 18} "The court does take under advisement the imposition of a DYS commitment for a period of 6 months until his 21st birthday pending regular review hearing in this matter which shall occur commencing Monday, February 28, 2005 @ 8 am and every 1st Monday of each month @ 8 am including the following dates:
 {¶ 19} "March 1, 2005, April 4, 2005, May 2, 2005, June 6, 2005, July 5, 2005, August 1, 2005, September 6, 2005, October 3, 2005, November 7, 2005 and December 5, 2005."
 {¶ 20} We find this entry does in fact inform appellant of the fact that a commitment to the Ohio Department of Youth Services is possible should he violate the terms of the court's order, or the terms of probation. See, In re Keeran, 5th Dist. No. 01CA69, 2002-Ohio-1580 at ¶ 15, rev'd on other grounds In reThomas (2003), 100 Ohio St.3d 89, 796 N.E.2d 908. Although one might argue it is not precise as to the length of the commitment, the trial court, in revoking appellant's conditional release, gave him the minimum commitment available for the offense under R.C. 2152.16(A)(1)(e). (Id.). "While a judge should inform a juvenile of the maximum commitment available under Juv.R. 29, and that he retains jurisdiction to make further dispositional orders if the juvenile fails to comply with the conditions of probation or other disposition, the judge is not required to notify the juvenile of particular dispositions that will be imposed for violations". In re C.H. (Feb. 7, 2002), 8th Dist. No. 79329.
 {¶ 21} Upon revocation of probation a court may impose any sentence that it could have originally imposed. State v.McMullen (1983), 6 Ohio St.3d 244, 246; In re Cross (2002),96 Ohio St.3d 328, 2002-Ohio-4183 at ¶ 27, 774 N.E.2d 258; In reGuy (March 24, 1997), 12 Dist. No. CA96-10-196.
 {¶ 22} Appellant's sole assignment of error is overruled.
 {¶ 23} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.
Gwin, J., and Wise, P.J., concur; Hoffman, J., dissents.