{¶ 24} I respectfully dissent from the majority opinion.
 {¶ 25} The majority opinion references only part of the trial court's Judgment Entry dated February 25, 2005. It omits, as not being relevant, the following additional language listed under the "Disposition" section of that same entry:
 {¶ 26} "The juvenile shall be released from the AC today and 60 days suspended on the following conditions: 1) 120 hours of community service on or before September 1, 2005 including working at the Swiss Steak Dinner @ Northwest Stark Srl. Center on April 16, 2005. This juvenile shall w/i 10 days contact the following to schedule his community Service: Mayor John Grogan, City of Canal Fulton Sherry Ringler of the NW Stark Sr. Center; 2) Driver's license is suspended for 1 year effective today; 3) No offenses for 2 years; 4) Good behavior in Home, Community 
School — including improved grades; 5) Probation Services; 6) No contact with this victim: 7) Credit for 120 days served in the AC on the previous cases."
 {¶ 27} Unlike the majority, I find this portion of the entry relevant to the analysis.
 {¶ 28} In our first review of this matter, this Court held ". . . it appears the juvenile court proceeded to disposition in this matter when it, among other things, ordered appellant to contact probation services." In re: Kelly Robert Burner, Stark App. No. 2005 CA 00108, 2005-Ohio-5816, at para. 19. This Court went on to find:
 {¶ 29} "Thus, the juvenile court proceeded to disposition of this matter by placing appellant on probation. However, at the same time, the juvenile court attempted to reserve its right, under Juv.R. 29(F) (2) (b), for up to six months, to impose a DYS commitment for a period of six months until appellant's twenty-first birthday. This is not permitted under Juv.R. 29(F) (2) (b) since the disposition was finalized, i.e. appellant was placed on probation. If the juvenile court wanted to take this matter under advisement, it should not have proceeded to final disposition, but instead, issued temporary orders and scheduled this matter for final disposition within six months." Id. at para. 20.
 {¶ 30} Although I concede that finding may well be considered dicta from our actual holding in the previous appeal, I still agree with its proposition.
 {¶ 31} Juvenile Rule 29(F) states:
 {¶ 32} "(F) Procedure upon determination of the issues. Upon the determination of the issues, the court shall do one of the following:
 {¶ 33} "(1) If the allegations of the complaint, indictment, or information were not proven, dismiss the complaint;
 {¶ 34} "(2) If the allegations of the complaint, indictment, or information are admitted or proven, do any one of the following, unless precluded by statute:
 {¶ 35} "(a) Enter an adjudication and proceed forthwith to disposition;
 {¶ 36} "(b) Enter an adjudication and continue the matter for disposition for not more than six months and may make appropriate temporary orders;
 {¶ 37} "(c) Postpone entry of adjudication for not more than six months;
 {¶ 38} "(d) Dismiss the complaint if dismissal is in the best interest of the child and the community."
 {¶ 39} Although the rule provides following adjudication, disposition may be continued for up to six months with appropriate temporary orders, it does not authorize the trial court to enter a dispositional order with probation conditions while taking under advisement possible imposition of additional dispositional orders. I concede the trial court could have made the conditions of probation its "temporary orders" while continuing disposition, however, its inclusion of an order of release from the AC (Attention Center) and 60 days suspended on conditions, including probation services, constitutes a dispositional order. Imposition of any subsequent dispositional order, even though previously "under advisement", is not permitted under Juv.R. 29(F).
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed. Costs to appellant.