OPINION *Page 2 
{¶ 1} Appellant James Fletcher, a delinquent child, appeals his January 19, 2007 disposition in the Tuscarawas County Court of Common Pleas, Juvenile Division. Appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} In April of 2006, Appellant was being held at the Tuscarawas County Juvenile Attention Center after having been adjudicated a delinquent child, when he assaulted an employee of the center. As a result, Appellant was arraigned on May 16, 2006, in Case No. 06DJ00238, and returned to the Tuscarawas County Juvenile Attention Center pending adjudication. Appellant was subsequently moved to the Multi-County Juvenile Attention Center in Stark County.
 {¶ 3} On June 20, 2006, Appellant was adjudicated delinquent and committed to the Ohio Department of Youth Services (DYS) for a minimum period of six months. While awaiting conveyance to DYS, appellant was returned to the Juvenile Attention Center, and then transported to the Multi-County Juvenile Attention Center to await transfer to DYS.
 {¶ 4} On June 22, 2006, a complaint was filed in the Stark County Court of Common Pleas, Juvenile Division, alleging Appellant assaulted an employee of the Multi-County Juvenile Attention Center in case number JU 2006 JCR 02113. Appellant was subsequently adjudicated delinquent on the complaint, and the matter was certified to Tuscarawas County for disposition in the within matter, Case No. 06JD00388.
 {¶ 5} Via Judgment entry of August 8, 2006, the Tuscarawas County Juvenile Court committed Appellant to DYS for a minimum period of six months in case numbers *Page 3 
06JD00238 and 06JD00388. The court suspended the DYS commitment ordering Appellant be placed at the Community Corrections Facility (CCF) in Canton, Ohio to continue "until he successfully completes the program."
 {¶ 6} Appellant left CCF on November 10, 2006 and was held at the Multi-County Juvenile Attention Center. Following his being held at the center, Appellant was again adjudicated a delinquent child in case number 06DJ00609. At the dispositional hearing in the matter on December 5, 2006, the Tuscarawas County Juvenile Court imposed the six month commitment to DYS previously suspended in Case No. 06JD00388.
 {¶ 7} On January 9, 2007, via Judgment Entry, the trial court on its own motion, set the matter for a review hearing on January 19, 2007, and released Appellant from the Juvenile Attention Center to his custodial parents.
 {¶ 8} Via Judgment Entry of January 19, 2007, in Case No. 06JD00388, the trial court imposed the previously suspended six month commitment to DYS, granting Appellant credit for the 149 days he spent at the Juvenile Attention Center, together with the additional days held at the Juvenile Center until being transferred to DYS. Appellant was not given credit for the time served at CCF from August 14, 2006 to November 10, 2006.
 {¶ 9} Appellant now appeals, assigning as error:
 {¶ 10} "I. THE TRIAL COURT ERRED IN FAILING TO GRANT THE JUVENILE CREDIT FOR THE TIME HE HAD SERVED AT THE COMMUNITY CORRECTIONS FACILITY." *Page 4 
 {¶ 11} Ohio Revised Code section 2152.18(B) requires a juvenile's term at DYS be reduced by the time the juvenile is held in detention. Specifically, the statute reads:
 {¶ 12} "(B) When a juvenile court commits a delinquent child to the custody of the department of youth services pursuant to this chapter, the court shall state in the order of commitment the total number of days that the child has been held in detention in connection with thedelinquent child complaint upon which the order of commitment isbased. The department shall reduce the minimum period of institutionalization that was ordered by both the total number of days that the child has been so held in detention as stated by the court in the order of commitment and the total number of any additional days that the child has been held in detention subsequent to the order of commitment but prior to the transfer of physical custody of the child to the department." (Emphasis added.)
 {¶ 13} Revised Code section 2151.011(13) defines "detention" as:
 {¶ 14} "(13) `Detention' means the temporary care of children pending court adjudication or disposition, or execution of a court order, in a public or private facility designed to physically restrict the movement and activities of children"
 {¶ 15} The Ohio Supreme Court held in In re Thomas (2003),100 Ohio St.3d 89:
 {¶ 16} "The threshold issue is whether the children here were in "detention," as that term is used in R.C. 2151.355(F)(6), before their placement at DYS. R.C. 2151.011(B)(13), formerly (B)(11), defines "detention" as "the temporary care of children pending court adjudication or disposition, or execution of a court order, in a public or private facility designed to physically restrict the movement and activities of children." While appellants argue that the control exercised over them at the treatment and *Page 5 
rehabilitation facilities constituted detention under the definition in R.C. 2151.011(B)(13), we disagree. The nature of the facility and the amount of control it exercises over its inhabitants are not the sole determinants of whether "detention" has occurred. Instead, the key here is the word "pending." Read together, R.C. 2151.355(F)(6) and2151.011(B)(13) grant credit only for the days that a juvenile is restricted to a facility pending adjudication or disposition of the delinquency complaint, or pending execution of a court order relating to that complaint. The question thus becomes whether the days spent in the facilities by appellants were served while awaiting one of these events.
 {¶ 17} "R.C. 2151.355(F)(6) requires credit in the following situations: when the child is held at a rehabilitation or treatment facility while awaiting the final adjudication or disposition of the original delinquency complaint, when the child is held in one of those facilities after an order of commitment to DYS has been made but before the order has been executed by his or her transfer to the custody of DYS, and when the child is held in one of these facilities while awaiting the final disposition of an alleged probation violation. The first two situations are based on a plain reading of R.C. 2151.355(F)(6) and 2151.011(B)(13). The third situation requires credit because detention on an alleged probation violation relates back to the complaint of delinquency and is in "connection with" that complaint, as mandated by R.C. 2151.355(F)(6). Such detention goes to the original disposition in the case and is sufficiently linked to the adjudication of the original charges that credit is required by the statutory language. This view has been adopted in a number of appellate courts in this state. See In re Ringo (Mar. 19, 2002), Crawford App. No. 3-01-25,2002 WL 418968; In re Dillard, supra." *Page 6 
 {¶ 18} Upon review of the record, while being detained at CCF in order to complete the requisite program, Appellant was not awaiting any further action by the trial court for any of his past delinquency complaints, nor awaiting further adjudication or disposition in 06JD00388. In addition, Appellant was not awaiting transfer to DYS, as the trial court suspended his commitment on condition he successfully complete the program at CCF. Accordingly, the trial court did not err in failing to credit Appellant with the time served at CCF in his disposition.
 {¶ 19} The January 19, 2007 Judgment Entry of the Tuscarawas Court of Common Pleas, Juvenile Division, is affirmed.
Hoffman, P.J.
Gwin, J. and
 Edwards, J. concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the January 19, 2007 Judgment Entry of the Tuscarawas Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant. *Page 1