[Cite as *In re J.K.O.*, 2021-Ohio-1215.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| IN RE: J.K.O. | : | |
| | : | |
| | : | Appellate Case No. 28899 |
| | : | |
| | : | Trial Court Case Nos. 2019-3814 and 2020-909 |
| | : | |
| | : | (Appeal from Common Pleas Court- Juvenile Division) |
| | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 9th day of April, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JAMIE J, RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Appellee, State of Ohio

KEITH A. FRICKER, Atty. Reg. No. 0037355, 10 North Ludlow Street, Suite 920, Dayton, Ohio 45402
    Attorney for Appellant, J.K.O.

. . . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** J.K.O. was adjudicated delinquent for committing acts which, if committed by an adult, would constitute the offenses of rape and kidnapping. He appeals, asserting that the juvenile court erred by failing to give him credit for the time he was incarcerated pending disposition. We conclude the court did not err in its denial of credit for time served. However, the juvenile court did err by failing to include in the commitment order that J.K.O. was entitled to zero days of jail time credit.

## I.      Factual and Procedural Background

**{¶ 2}** In 2018, J.K.O. was adjudicated delinquent after committing an act that would constitute rape of a child under the age of 13 if he were an adult. He was committed to the Ohio Department of Youth Services ("DYS"), but the sentence was suspended. J.K.O. was placed on probation, the terms of which required him to attend treatment in a facility located in Columbus.

**{¶ 3}** It was subsequently discovered that J.K.O. had committed offenses against a second child. In August 2019, J.K.O. was charged by complaint with two counts of gross sexual imposition and one count of kidnapping. In November 2019, an amended complaint was filed which added a charge of rape in relation to the same victim.

**{¶ 4}** J.K.O. was also charged with violating the terms of his probation in the 2018 case.[1] On January 28, 2020, a hearing was conducted during which J.K.O. admitted violating the terms of his probation in the 2018 case. The juvenile court found him in violation, and it entered the following order:

> The Juvenile is remanded pursuant to Juvenile Rule 7. Continuation of

---

[1] The 2018 case is not part of the record before us. Thus, any information we have regarding that case is gleaned from the parties' briefs and an order of the juvenile court filed on January 28, 2020, which pertains to both the 2018 and 2019 cases.

residence in the home is contrary to the welfare and removal is in the best interest of the child. The child is hereby placed in and ordered to complete the cognitive rehabilitation program through JCARE-STP, the Juvenile Cognitive Alternative Rehabilitation Effort as a condition of the suspension of his commitment to the custody of the ODYS, or until further order of this Court; the JCARE-STP Program shall prepare and present to the assigned Judge a Report and Recommendation on the child's progress in JCARE no later than three (3) business days prior to a review hearing.

A review hearing was scheduled for April 27, 2020.

{¶ 5} On February 27, 2020, J.K.O. was charged by complaint with rape of a third child. On March 4, 2020, J.K.O. entered an admission to one count of rape and one count of kidnapping in the 2019 case. He also entered an admission to the sole count of rape in the 2020 case.

{¶ 6} A disposition hearing on the 2019 and 2020 cases was conducted on August 10, 2020, at which time the juvenile court committed J.K.O. to the Ohio Department of Youth services for a minimum term of 18 months on each count and a maximum term not to exceed his attainment of age 21. The court ordered the three sentences to run consecutively for a minimum commitment term of 54 months. The placement in JCARE was terminated.

{¶ 7} J.K.O. appeals.

## II. Jail Time Credit Analysis

{¶ 8} The sole assignment of error asserted by J.K.O. states:

THE TRIAL COURT ERRED IN NOT GRANTING THE JUVENILE CREDIT FOR TIME SERVED IN DETENTION AND TREATMENT FACILITY CENTER WHILE AWAITING DISPOSITION.

{¶ 9} J.K.O. claims that the time he was in the custody from January 28, 2020, until the disposition date of his 2019 and 2020 offenses on August 10, 2020, should have been credited against the minimum commitment term for those offenses.   In support, he cites R.C. 2152.18(B), which states, in pertinent part, as follows:

When a juvenile court commits a delinquent child to the custody of the department of youth services pursuant to this chapter, the court shall state in the order of commitment the total number of days that the child has been confined *in connection with the delinquent child complaint upon which the order of commitment is based*.   The court shall not include days that the child has been under electronic monitoring or house arrest or days that the child has been confined in a halfway house. The department shall reduce the minimum period of institutionalization that was ordered by both the total number of days that the child has been so confined as stated by the court in the order of commitment and the total number of any additional days that the child has been confined subsequent to the order of commitment but prior to the transfer of physical custody of the child to the department.

(Emphasis added.)

{¶ 10} In the case of *In re O.H.*, 4th District Washington No. 09CA38, 2010-Ohio-1244, the Fourth Appellate District analyzed a R.C. 2152.18(B) jail-time credit issue similar to the one presented in J.K.O.'s appeal.   In 2007, O.H. was adjudicated

delinquent by reason of committing an assault against a teacher. The juvenile court committed O.H. to DYS but suspended the sentence, provided that O.H. complied with the terms of his probation.

{¶ 11} In July 2009, a complaint was filed against O.H. alleging that he committed an act against his sister that would constitute the offense of domestic violence if he were an adult; O.H. was placed in detention pending resolution of that charge. Thereafter, a complaint for probation violation was filed, alleging that O.H had violated the terms of his probation in the prior assault case by committing the domestic violence offense. No detention hearing was conducted on the probation violation.

{¶ 12} In September 2009, the juvenile court conducted a hearing on both the domestic violence charge and the probation violation. O.H. admitted to the domestic violence charge and was adjudicated delinquent. The juvenile court admonished O.H. but did not impose any further punishment regarding the domestic violence offense. O.H. also admitted to the probation violation. The juvenile court revoked his probation and imposed the sentence previously imposed for the 2007 assault case. O.H. claimed he was entitled to credit for time served on the assault adjudication while awaiting adjudication on the domestic violence charge. But the juvenile court did not credit O.H. with the requested jail-time credit.

{¶ 13} On appeal, the court noted that the "Supreme Court of Ohio has found that a juvenile is entitled to credit for time spent in detention while awaiting the final disposition of an alleged probation violation because this detention 'relates back to the complaint of delinquency and is in "connection with" that complaint[.]' " *In re O.H.*, 4th Dist. Washington No. 09CA38, 2010-Ohio-1244, at ¶ 10, citing *In re Thomas*, 100 Ohio St.3d

89, 2003-Ohio-5162, 796 N.E.2d 908, ¶ 13. "Such detention goes to the original disposition in the case and is sufficiently linked to the adjudication of the original charges that credit is required by the statutory language." *Id.* "And although the *Thomas* Court reached these conclusions by analyzing former R.C. 2151.355(F)(6), the Court clearly intended its holding to also apply to R.C. 2152.18(B) -- the current, similarly worded statute." *Id.*, citing *Thomas* at ¶ 11, fn. 1.

**{¶ 14}** *In re O.H.* went on to conclude that, although the probation violation and the new domestic violence offense were factually related in that the probation violation was based upon the commission of the new domestic violence offense, the new domestic violence offense was separate from the original assault and carried with it the risk of a separate sentence. *Id.* at ¶ 11. Thus, the Fourth District concluded the juvenile court properly denied any credit for time served in connection with the domestic violence case against the sentence imposed on the assault case.[2]

**{¶ 15}** Here, the record shows J.K.O. was taken into custody on January 28, 2020, following his admission to violating the terms of probation imposed in the 2018 case. There is nothing in this record to indicate that this detention was related to the 2019 or the 2020 cases. In fact, the record does not contain any order reflecting that J.K.O. was detained in connection with those later cases until after the court conducted the disposition hearing and imposed the minimum 54-month commitment. After imposing sentences for the 2019 and 2020 cases, the court terminated the requirement that J.K.O. participate in JCARE regarding the 2018 case.

---

[2] The Supreme Court of Ohio has stated that the issue in *O.H.* was correctly decided. *See In re D.S.*, 148 Ohio St.3d 390, 2016-Ohio-7369, 71 N.E.3d 223, ¶ 18, fn. 1.

{¶ 16} Based upon this record, as well as the above-cited relevant statutory language and case law, we conclude that the juvenile court did not err in failing to credit J.K.O. for the time spent in detention related to the probation violation in the 2018 case against the sentences imposed in the 2019 and 2020 cases.

{¶ 17} The first assignment of error is overruled.

{¶ 18} However, as conceded by the State, we note that the order of commitment in the 2019 and 2020 cases does not set forth "the total number of days that the child has been confined in connection with the delinquent child complaint upon which the order of commitment is based."   In this case, that number was zero, but the statute mandates the inclusion of that number in the commitment order.   Thus, we will remand this matter to the juvenile court for the issuance of a nunc pro tunc order correcting what appears to be simply a clerical error.

### III.   Conclusion

{¶ 19} The judgment of the trial court is affirmed, but we remand to the trial court for the filing of a nunc pro tunc commitment order correcting a clerical error identified in this opinion.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Keith A. Fricker
Hon. Helen Wallace