DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, C.P., a minor, has appealed from one delinquency adjudication and two dispositional orders from the Juvenile Division of the Lorain County Court of Common Pleas. We affirm.
 I. {¶ 2} On March 15, 2004, a delinquency complaint was filed in the juvenile court alleging that Appellant had committed gross sexual imposition in violation of R.C. 2907.05(A)(5), and that Appellant had violated the terms of his probation by failing to subject himself to the reasonable controls of those in authority over him. A second delinquency complaint was filed on April 5, 2004, alleging that Appellant had assaulted a school official in violation of R.C. 2903.13(A).
 {¶ 3} Following adjudicatory hearings, Appellant entered an admission to and was adjudicated delinquent for assault on April 21, 2004, and entered an admission to and was adjudicated delinquent for attempted gross sexual imposition on June 1, 2004. The court ordered Appellant to undergo a sex offender evaluation, and the dispositional portion of both cases was delayed pending the results of that evaluation.
 {¶ 4} The dispositional hearing for both cases was held on June 25, 2004. The court committed Appellant to the custody of the Department of Youth Services for a minimum period of six months and a maximum period not to exceed Appellant's attainment of the age of twenty-one years for the count of attempted gross sexual imposition. The court ordered the same commitment period for the count of assault, and ordered that the commitments be served concurrently. Additionally, the court ordered Appellant to reimburse the Lorain County Domestic Relations Court for the sex offender evaluation in the amount of $352.96 and assessed court costs of $84 each for the assault and attempted gross sexual imposition counts. This appeal followed.
 {¶ 5} Appellant has raised three assignments of error, which we address in turn. As an initial matter, we note that Appellant has presented arguments relating to juvenile case number 04JV04487, in which he admitted to a charge of disorderly conduct. However, Appellant failed to appeal juvenile case number 04JV04487. Therefore, this Court is without jurisdiction to address any of Appellant's arguments relating to the disorderly conduct charge.
 II. Assignment of Error No. 1
"[Appellant's] admission to assault and disorderly conduct was not knowing, Voluntary, and Intelligent, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Sections 10 and 16 of the Ohio Constitution, and Juvenile Rule 29. * * *"
 {¶ 6} In his first assignment of error, Appellant maintains that he entered an involuntary and unknowing admission to the charges of assault and disorderly conduct because the court failed to comply with Juv.R. 29. We do not address Appellant's arguments relating to the disorderly conduct charge, because we are without jurisdiction to do so. We disagree with Appellant's arguments relating to the assault charge.
 {¶ 7} Juv.R. 29(B) requires the juvenile court to perform certain duties at the beginning of an adjudicatory hearing. One of those duties is to "[i]nform the parties of the substance of the complaint[.]" Juv.R. 29(B)(2). Additionally, in the event that the juvenile chooses to enter an admission, Juv.R. 29(D) imposes the following requirements on the juvenile court:
"Initial procedure upon entry of an admission[:] The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
"(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
"(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent and to introduce evidence at the adjudicatory hearing." Juv.R. 29(D).
Appellant maintains that the trial court failed to comply with the above provisions of Juv.R. 29(B)(2) and (D). We disagree.
 {¶ 8} A court need only substantially comply with the mandates of Juv.R. 29(D) before accepting a juvenile's admission. In re Brooks
(1996), 112 Ohio App.3d 54, 57. The best method for ensuring compliance with Juv.R. 29(D) is for a court to use the language of the rule, "carefully tailored to the child's level of understanding, stopping after each right and asking whether the child understands the right and knows that he is waiving it by entering an admission." In re Miller
(1997), 119 Ohio App.3d 52, at 58. If the juvenile court fails to substantially comply with Juv.R. 29(D), the adjudication must be reversed so that the minor "may plead anew." In re Christopher R. (1995),101 Ohio App.3d 245, 248.
 {¶ 9} At the adjudicatory hearing, the magistrate explained to Appellant that he was charged with assault on a school official, a fifth degree felony, and asked Appellant whether he understood that he was so charged. Appellant responded that he did. The magistrate asked Appellant whether he had a chance to discuss the charge with his lawyer and whether he was satisfied with his lawyer's efforts. Appellant responded in the affirmative to both questions.
 {¶ 10} The magistrate then advised Appellant of all of the rights he would be waiving by entering an admission, including his right to confront witnesses, to present witnesses, to challenge evidence, to present evidence, to remain silent, and to have the case against him proven beyond a reasonable doubt. The magistrate asked Appellant whether he understood that he would be waiving these rights, and Appellant replied that he did. Appellant then stated that he wanted to admit to the assault charge.
 {¶ 11} Next, the magistrate advised Appellant of the possible consequences of an admission to assault, explaining that he could be fined up to $300; that he could be ordered to do community service and make restitution for any damages; that his driver's license could be suspended, restricted, or revoked; and that he could be committed to a State institution or a group home for a period of at least six months, but no longer than his twenty-first birthday. The magistrate asked Appellant whether he understood that these consequences were all possible, and Appellant replied that he did.
 {¶ 12} Finally, the magistrate again asked Appellant whether he understood the charge against him, the consequences of an admission, and his legal rights. Appellant replied that he did. The magistrate asked whether anyone had used force or made any threats or promises to get Appellant to admit, and he replied that no one had. The magistrate then asked whether Appellant was making the admission of his own free will, and Appellant replied that he was. After engaging in this colloquy with Appellant, the magistrate accepted Appellant's admission to the assault charge.
 {¶ 13} We find that the trial court complied with Juv.R. 29, and that Appellant's admission to assault was voluntary and knowing. The trial court informed Appellant of the charge against him, advised Appellant of the rights he would be waiving by entering an admission, and conducted a comprehensive inquiry to establish that Appellant understood the nature of the charge against him and the consequences of an admission. Therefore, the trial court did not err by accepting Appellant's admission. Appellant's first assignment of error is overruled.
 Assignment of Error No. 2
"The Trial Court erred when it failed to hold a hearing to determine whether [C.P.], an indigent Juvenile, was able to pay the sanctions imposed by the juvenile court and failed to consider community service in lieu of the financial sanctions in violation of R.C. 2152.20. * * *"
 {¶ 14} In his second assignment of error, Appellant argues that the trial court erred by failing to hold a hearing in order to determine whether Appellant was able to pay the sanctions imposed. Appellant further argues that the trial court erred by failing to consider a term of community service in lieu of the sanctions. We disagree.
 {¶ 15} Courts may impose financial sanctions upon juveniles who have been adjudicated delinquent. R.C. 2152.20. R.C. 2152.20(C) provides that "[t]he court may hold a hearing if necessary to determine whether a child is able to pay a sanction [.]" Appellant maintains that the trial court violated R.C. 2152.20(C) by failing to hold a hearing in order to determine whether he was able to pay sanctions. However, the plain language of R.C. 2152.20(C) does not require the juvenile court to hold such a hearing; it only makes clear that the juvenile court has the discretion to do so. We find that the trial court did not err by declining to exercise that discretion.
 {¶ 16} Next, Appellant has argued that the trial court erred by violating R.C. 2152.20(D), which provides, in pertinent part, that "[i]f a child who is adjudicated a delinquent child is indigent, the court shall consider imposing a term of community service * * * in lieu of imposing a financial sanction [.]" In contrast to R.C. 2152.20(C), the language of R.C. 2152.20(D) does impose a requirement upon the trial court, obliging it to consider community service in lieu of sanctions when the child being sentenced is indigent. However, the record does not demonstrate that the trial court did not make this consideration. Therefore, we cannot conclude that the trial court erred by violating R.C. 2152.20(D).
 {¶ 17} Appellant's second assignment of error is overruled.
 Assignment of Error No. 3
"[Appellant] was denied his constitutional right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution when his attorney failed to object to the Juvenile Court's improper imposition of court costs. * * *"
 {¶ 18} In his third assignment of error, Appellant argues that his trial counsel's failure to object to the court's imposition of costs denied him effective assistance of counsel. We disagree.
 {¶ 19} An accused juvenile has a constitutional right to counsel, and the same rights to effective assistance of counsel as an adult criminal defendant. In re Gault (1967), 387 U.S. 1, 41; In re Dunham (Nov. 7, 1997), 1st Dist. Nos. C-960399 and C-960400. The standard for determining whether counsel was ineffective in actions affecting orders of dispositions made by juvenile courts is the same as that applied in criminal cases. In re Rackley (July 16, 1997), 9th Dist. No. 18139.
 {¶ 20} The United States Supreme Court has provided a two-part test to determine whether counsel's assistance was ineffective such that a reversal of sentence or conviction is warranted. Strickland v.Washington (1984), 466 U.S. 668, 687. "First, the defendant must show that counsel's performance was deficient." Id. To show the deficiencies in counsel's performance, a defendant must prove "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, a defendant must establish that counsel's deficient performance resulted in prejudice to the defendant which was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
 {¶ 21} Appellant's theory of ineffective assistance of counsel is premised upon the arguments raised in his second assignment of error. Specifically, Appellant maintains that his counsel was ineffective for failing to object to the trial court's refusal to hold a hearing in order to determine whether he was able to pay financial sanctions, and for failing to object to the trial court's failure to consider community service in lieu of those sanctions. As discussed in our analysis of Appellant's second assignment of error, the trial court was not required to hold the hearing authorized by R.C. 2152.20(C), and the record does not indicate that the trial court violated R.C. 2152.20(D) by failing to consider community service in lieu of financial sanctions. Therefore, Appellant's counsel did not deliver a deficient performance by failing to object that the trial court was in violation of R.C. 2152.20(C) and (D), and Appellant has failed to establish the first prong of the Strickland
test.
 {¶ 22} Appellant's third assignment of error is overruled.
 III. {¶ 23} Appellant's three assignments of error are overruled, and the decision of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J. concurs.
Carr, P.J., Concurs in Judgment only
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)