OPINION
{¶ 1} Appellant, T. H., appeals the decision of the Clermont County Court of Common Pleas, Juvenile Division, committing him to the Department of Youth Services ("DYS") after finding him delinquent. We affirm the juvenile court's decision.
 {¶ 2} On February 14, 2005, the state filed a complaint against appellant, a juvenile, alleging that he was delinquent for committing acts constituting aggravated burglary, a first-degree felony violation of R.C. 2911.11(A)(2) if committed by an adult. The complaint also alleged delinquency for committing acts constituting burglary, a second-degree felony violation of R.C. 2911.12(A)(2) if committed by an adult. On February 22, 2005, the state filed a second complaint against appellant, alleging that he was delinquent for committing acts constituting theft, a fifth-degree felony violation of R.C. 2913.02 if committed by an adult, and forgery, a fifth-degree felony violation of R.C. 2913.31(A)(3) if committed by an adult.
 {¶ 3} In March 2005, the state filed a motion asking the juvenile court to relinquish jurisdiction over appellant in both cases so that the state could prosecute him as an adult. The juvenile court denied the motion.
 {¶ 4} Later in March 2005, the state amended its first complaint to allege delinquency for committing acts constituting two counts of complicity to commit burglary, both second-degree felony violations of R.C. 2923.03 and R.C. 2911.12 if committed by an adult. Appellant subsequently entered admissions to the delinquency allegations in both of the state's complaints, admitting delinquency for committing acts constituting two counts of complicity to commit burglary and one count each of forgery and theft.
 {¶ 5} After a dispositional hearing for both cases in April 2005, the juvenile court imposed minimum DYS commitments of one yearfor each of two delinquency findings based on complicity to commit burglary, and six months each for delinquency findings based on forgery and theft, with maximum commitments not to exceed appellant's twenty-first birthday. However, the court suspended appellant's commitments, imposed community control, and ordered him to enter a drug treatment program at Miami Valley Juvenile Rehabilitation Center. The court also ordered appellant to write apology letters to the victims and pay restitution in an amount determined by the probation department. The court indicated that appellant would serve the DYS commitments consecutively if the commitments were later imposed.
 {¶ 6} Appellant completed the drug treatment program in September 2005. The juvenile court subsequently ordered that appellant remain under community control.
 {¶ 7} In December 2005, the state filed a complaint against appellant in the juvenile court, alleging that appellant violated the rules of community control by failing a drug test for cocaine and opiates. Appellant subsequently entered an admission to a community control violation. After a dispositional hearing, the juvenile court ordered appellant to serve the previously suspended DYS commitments consecutively for a total minimum DYS commitment of three years and a maximum commitment not exceeding appellant's 21st
birthday. Appellant now appeals, assigning one error as follows:
 {¶ 8} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO CONSECUTIVE COMMITMENTS WITH THE DEPARTMENT OF YOUTH SERVICES."
 {¶ 9} In his sole assignment of error, appellant argues that the juvenile court abused its discretion in imposing consecutive DYS commitments. Appellant argues that the court's decision was inconsistent with the purposes for juvenile dispositions, and that the court's sanctions were not "graduated" nor were they "commensurate with" appellant's conduct.[1]
 {¶ 10} A juvenile court's disposition for a child adjudicated delinquent is a matter within the court's discretion. In re A.L, Butler App. No. CA2005-12-520, 2006-Ohio-4329, ¶ 57. An appellate court will not disturb a juvenile court's decision regarding such disposition absent an abuse of discretion. In re D.S., 111 Ohio St.3d 361,2006-Ohio-5851, ¶ 6.
 {¶ 11} The overriding purposes for juvenile dispositions, as stated in R.C. 2152.01(A), are "to provide for the care, protection, and mental and physical development of children * * *, protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender." That section further states that "[tjhese purposes shall be achieved by a system of graduated sanctions and services."
 {¶ 12} Additionally, R.C. 2152.01(B) states that "[dispositions * * * shall be reasonably calculated to achieve the overriding purposes set forth in this section, commensurate with and not demeaning to the seriousness of the delinquent child's * * * conduct and its impact on the victim, and consistent with dispositions for similar acts committed by similar delinquent children * * *[.]"
 {¶ 13} "The juvenile disposition statutes do not exist merely to punish children and prevent future crime[.]" In re Chappell,164 Ohio App.3d 628, 2005-Ohio-6451, ¶ 49. Nevertheless, despite the stated purposes of providing for the care, protection, and development of children, and to rehabilitate the offender, some circumstances justify substantial confinement in order to fulfill the purposes of protecting public safety and holding the offender accountable. See In re J.B., Butler App. No. CA2004-09-226, 2005-Ohio-7029, ¶ 120.
 {¶ 14} In this case, appellant admitted to acts that would constitute two second-degree felonies and two fifth-degree felonies if committed by an adult. The record does not supply great detail about appellant's delinquent acts. The discussion between the attorneys and the court at the dispositional hearings indicates that appellant's commission of acts constituting complicity to commit burglary, forgery, and theft stemmed from his addiction to heroin. Due to that addiction, the juvenile court, contrary to the state's wishes, initially opted to suspend appellant's DYS commitments and place him in a drug treatment program. At that time, the juvenile court noted that appellant would be "locked up" at the rehabilitation center for the safety of the community while he completed the drug treatment program.
 {¶ 15} At the dispositional hearing following appellant's admission of the community control violation, appellant expressed remorse, stating that he had "screwed up" and that he was sorry. Appellant also stated that he wanted to better himself, that he wanted to participate in "day treatment," and that he wanted to go to college. However, the juvenile court imposed the previously suspended DYS commitments and ordered appellant to serve those commitments consecutively. In so ordering, the court noted the extremely serious nature of appellant's initial delinquent acts. The court also expressed concern that appellant had tested positive for illegal drugs, which had played a large role in his commission of the initial delinquent acts. The court noted that DYS was not a "black hole," but that there had been "a lot of success stories." The court stated that there would be opportunities for additional substance abuse treatment and educational development.
 {¶ 16} After reviewing the record, we do not find that the juvenile court abused its discretion in ordering appellant to serve consecutive DYS commitments. The juvenile court's discussion at the dispositional hearings reflects an understanding of the overriding purposes for juvenile dispositions. The court first attempted to rehabilitate appellant by ordering drug treatment and community control. When those measures did not achieve their intended effect and the court viewed the risk of appellant re-offending as too great, the court imposed consecutive DYS commitments, noting that DYS could provide appellant with further drug treatment. While the juvenile court could have imposed more graduated sanctions, we find no abuse of discretion in the course the court took. Further, given the serious nature of appellant's initial delinquent conduct, which would have constituted four felonies if committed by an adult, we disagree with appellant's argument that consecutive DYS commitments were not commensurate with appellant's conduct.
 {¶ 17} Based on the foregoing analysis, we overrule appellant's sole assignment of error and affirm the judgment of the juvenile court.
WALSH and YOUNG, JJ., concur.
[1] The record indicates that the commitments imposed by the juvenile court were within the ranges authorized by R.C. 2152.16(A)(1)(d) and R.C. 2152.16(A)(1)(e), and that the court was authorized to impose consecutive commitments pursuant to R.C. 2152.17(F). Appellant does not contest these issues.