DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that found appellant to be a delinquent child in violation of R.C. 2911.02(A)(2), robbery, and committed him to the Department of Youth Services for a minimum of one year and a maximum of his attainment of 21 years of age. For the *Page 2 
reasons that follow, the judgment of the trial court is affirmed, in part, and reversed, in part, and this matter is remanded for a new dispositional hearing.
 {¶ 2} The undisputed facts relevant to the issues raised on appeal are as follows. On June 28, 2007, appellant, then 15 years old, was charged with two counts of robbery, felonies of the second degree if committed by an adult, and with violating the terms of his probation on a prior case. On that date, the trial court entered a denial on appellant's behalf and continued the case for counsel to be appointed. Appellant's attorney also served as his guardian ad litem. At a pretrial on July 12, 2007, appellant admitted to two counts of robbery as well as the probation violation and the matter proceeded directly to disposition. The trial court ordered a commitment to the Department of Youth Services for a minimum of one year on each robbery count, to be served concurrently, with the maximum not to exceed the date he attains the age of 21. The trial court also assessed a fine of $100, imposed court costs of $105, ordered full restitution "if any is owed," and suspended appellant's right to apply for a driver's license until he reaches the age of 21. The trial court did not impose a sentence for the probation violation.
 {¶ 3} Appellant sets forth four assignments of error:
 {¶ 4} "Assignment of Error I
 {¶ 5} "The trial court erred in depriving Boss B. of his ability to apply for driving privileges because the statute does not provide for that sanction as a dispositional option for his offense. (Tp. 49).
 {¶ 6} "Assignment of Error II *Page 3 
 {¶ 7} "The July 12, 2007 order requiring restitution deprived Boss B. of his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution because the juvenile court failed to hold the evidentiary hearing necessary to determine the appropriate amount owed the victim and failed to journalize a specified amount. (Tp. 51).
 {¶ 8} "Assignment of Error III
 {¶ 9} "The trial court erred when it failed to hold a hearing to determine whether Boss B., an indigent juvenile, was able to pay the sanctions imposed by the juvenile court and failed to consider community service in lieu of the financial sanctions in violation of R.C. 2152.20. (Tp. 49).
 {¶ 10} "Assignment of Error IV
 {¶ 11} "Boss B. was denied his constitutional right of effective assistance of counsel under the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 and 16 of the Ohio Constitution when his attorney failed to: 1) object to the prospective license suspension; 2) request an evidentiary hearing regarding restitution and; 3) object to the court's improper imposition of court costs. (Tp. 49-51)."
 {¶ 12} In support of his first assignment of error, appellant asserts that R.C. 2152.19 limits the trial court's authority to suspend a juvenile's right to apply for driving privileges in the future only if the juvenile is placed on community control pursuant to R.C. 2152.19(A)(4)(1), or if he is adjudicated for certain enumerated offenses under R.C. 2152.19(B)(1) and (2) which are not applicable in this case. It is undisputed that *Page 4 
appellant was not granted community control sanctions or convicted of one of the offenses enumerated under R.C. 2152.19(B)(1) or (2).
 {¶ 13} A juvenile court's disposition for a child adjudicated delinquent is a matter within the court's discretion. In re T.H., 12th Dist. No. CA2006-02-021, 2007-Ohio-352, ¶ 10. Thus, an appellate court will not disturb such a disposition absent an abuse of discretion. Id., citing In re D.S, 111 Ohio St.3d 361, 2006-Ohio-5851, ¶ 6. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} R.C. 2152.19 provides the dispositional guidelines for motor vehicle license suspensions by the juvenile court. Appellant argues that, aside from the sections referred to above, R.C. 2152.19 provides for suspension of a youth's currently-held driving privileges, not for the suspension of the right to obtain a license in the future. In response, appellee cites R.C. 2152.19(A)(8), which states that the juvenile court may "[m]ake any further disposition that the court finds proper." In considering the application of R.C. 2152.19(A)(8), Ohio courts have held that "the scope of a juvenile court's powers to `make any further disposition' is not without limit." In re Richardson, 7th Dist. No. 01 CA 78, 2002-Ohio-3461, ¶ 14. It is clear that R.C. 2152.19
restricts a juvenile court's power to suspend a juvenile's right to obtain a driver's license to certain specific situations as set forth above. The court's authority to make "any further disposition" has been ruled to be confined to a choice of dispositions provided for in *Page 5 
other statutes contained in the Juvenile Code. See State v. Grady
(1981), 3 Ohio App.3d 174, citing In re Cox (1973), 36 Ohio App.2d 65,68. R.C. 2152.19(B) states: "If a child is adjudicated a delinquent child, in addition to any order of disposition made under division (A) of this section, the court, in the following situations and for the specified periods of time, shall * * * suspend the child's ability to obtain [a temporary instruction permit] * * *." (Emphasis added.) As we have stated above, none of the situations set forth in division (B) apply in appellant's case. Further, upholding the trial court's order in this case would essentially render the circumstances specified in divisions (A) and (B) irrelevant.
 {¶ 15} We therefore find that the juvenile court's order in this case simply does not fit within the limited parameters of R.C. 2152.19 which permit the court to suspend a juvenile's right to apply for a driver's license. Accordingly, appellant's first assignment of error is well-taken.
 {¶ 16} In his second assignment of error, appellant asserts that the trial court committed plain error by ordering restitution without holding a hearing to determine the appropriate amount owed the victim and by failing to journalize a specific amount. In this case, at disposition the prosecutor asked the trial court for an order of restitution. The court responded: "* * * [T]here will be restitution for any out of pocket loss incurred as a result of his and his co-defendant's behavior." Nothing further was said. In its judgment entry, the trial court ordered appellant to "* * * make full restitution(if any is owed) through the Juvenile Restitution Program." (Emphasis added.) *Page 6 
 {¶ 17} The record in this case reflects that the trial court did not hold an evidentiary hearing on this issue and never issued a judgment specifying the amount of restitution owed. Ohio courts have held that where restitution is ordered as part of a sentence but no amount is specified in the judgment, reversible error occurs and the case must be remanded for a determination of the amount of restitution. See In re:Alonzo B. (Feb. 12, 1999), 6th Dist. No. E-98-050; In re: Holmes (1980),70 Ohio App.2d 75. We therefore find that the trial court abused its discretion by failing to enter on the record a definite amount of restitution to be made. The court's order must find a definite amount of restitution and must determine that the amount is reasonable. Accordingly, appellant's second assignment of error is well-taken.
 {¶ 18} In his third assignment of error, appellant asserts that the trial court erred by not holding a hearing to determine whether he was able to pay the monetary sanctions, which consisted of a fine of $100, court costs of $105 and restitution. Appellant also asserts that the trial court erred by failing to consider imposing a term of community service in lieu of financial sanctions.
 {¶ 19} R.C. 2152.20 governs fines and costs in juvenile court. Pursuant to R.C. 2152.20(A)(2), if a child is adjudicated delinquent, a juvenile court may impose a fine, require the child to make restitution and order the child to pay costs. Further, R.C. 2152.20(C) states that the trial court may hold a hearing if necessary to determine whether a child is able to pay the fines allocated by the court. Additionally, R.C. 2152.20(D) directs a juvenile court to consider whether or not to substitute community *Page 7 
service for monetary payments if a child is indigent. The record reflects that appellant filed an affidavit of indigency in this case.
 {¶ 20} Ohio courts have held that a trial court is not mandated to hold a hearing before it imposes financial sanctions against an indigent juvenile. The use of the word "may" in R.C. 2152.20(C) clearly gives the trial court discretion with regard to whether to hold such a hearing.In re: McClanahan, 5th Dist. No. 2004P010004, 2004-Ohio-4113; In re:Seavolt, 5th Dist. No. 2006-CA-0010, 2007-Ohio-2812.
 {¶ 21} As to whether to impose community control sanctions in lieu of financial sanctions, R.C. 2152.20(D) directs the trial court to "consider" imposing a community control sanction. In re: Seavolt, supra;In re: C.P., 9th Dist. No. 04CA008535, 2005-Ohio-1819. Prior to imposing sentence, the trial court noted that appellant's actions had escalated to the point where he had robbed and hurt two people and commented that his claims that his behavior would change appeared to be "empty promises." The record in this case does not demonstrate that the trial court failed to consider the option of community control. See In re:C.P., supra.
 {¶ 22} Based on the foregoing, we find that the trial court did not err by declining to hold a hearing to determine whether appellant was able to pay financial sanctions. Further, appellant has not shown that the trial court failed to consider imposing a community control sanction in lieu of financial sanctions. Accordingly, appellant's third assignment of error is not well-taken. *Page 8 
 {¶ 23} In his fourth assignment of error, appellant asserts he was denied effective assistance of counsel because his attorney failed to object to the prospective license suspension and the imposition of costs, and failed to request an evidentiary hearing regarding restitution. In light of our decision to remand this matter to the trial court, we find this assignment of error not well-taken because appellant cannot show that he was prejudiced by counsel's performance.
 {¶ 24} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed in part and reversed in part and this matter is remanded to the trial court for a new disposition hearing consistent with this decision. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing
the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1