MOTION AND PROCEDURAL RULING
 

 On review of an order certifying a conflict. The court determines that a conflict exists. The parties are ordered to brief the issue stated at page 26 of the court of appeals' entry filed October 11, 2018: "Does the Ohio savings statute, R.C. 2305.19(A), apply to an action in which a plaintiff attempts, but fails to perfect service on the original complaint within one year pursuant to Civ.R. 3(A)? If so, when a plaintiff files instructions for service after the Civ.R. 3(A) one-year period, does the request act as a dismissal by operation of law and also act as the refiling of an identical cause of action so as to allow the action to continue?"
 

 The conflict cases are
 
 Anderson v. Borg-Warner,
 
 8th Dist. Cuyahoga Nos. 80551 and 80926,
 
 2003-Ohio-1500
 
 ;
 
 Pewitt v. Roberts,
 
 8th Dist. Cuyahoga No. 85334,
 
 2005-Ohio-4298
 
 ;
 
 Sheldon v. Burke,
 
 8th Dist. Cuyahoga No. 103576,
 
 2016-Ohio-941
 
 ;
 
 Khatib v. Peters,
 

 2017-Ohio-95
 
 ,
 
 77 N.E.3d 461
 
 (8th Dist.);
 
 Bently v. Miller,
 
 9th Dist. Summit No. 25039,
 
 2010-Ohio-2735
 
 : and
 
 Gibson v. Summers,
 
 11th Dist. Portage No. 2008-P-0032,
 
 2008-Ohio-2995
 
 .
 

 Sua sponte, cause consolidated with 2018-1233,
 
 Moore v. Mt. Carmel Health Sys.,
 
 and briefing in Nos. 2018-1233 and 2018-1479 shall be consolidated. The parties shall file two originals of each of the briefs permitted under S.Ct.Prac.R. 16.02 through 16.04 and include both case numbers on the cover page of the briefs. The parties shall otherwise comply with the requirements of S.Ct. Prac.R. 16.01 through 16.04.
 

 FISCHER, J., would accept the certified conflict as to
 
 Bently v. Miller,
 
 9th Dist. Summit No. 25039,
 
 2010-Ohio-2735
 
 , only.